## GLOBE INDEMNITY CO. v. LIBERTY MUT. INS. CO.
### No. 1493.

District Court, E. D. Pennsylvania.
May 8, 1942.

10

Axelroth & Porteous, of Philadelphia, Pa. (Harry Reiss Axelroth, of Philadelphia, Pa., of counsel), for plaintiffs.

J. Paul Erwin, of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

This case involves the construction of certain insurance policies. The issue is that of contribution between insurance companies. It is raised on a Petition for Declaratory Judgment, Answer Thereto, and Defendant's Motion for Judgment on the Pleadings.

Briefly summarized, the undisputed facts are as follows:

On June 21, 1937, the plaintiff, Globe Indemnity Company, issued to the Pennsylvania Sugar Company a public liability policy in the sum of $100,000 insuring it against liability for damages imposed by law on account of injuries suffered by any person or persons while at certain designated places (one of which was Pier 46 North in the City of Philadelphia, which was maintained by the Pennsylvania Sugar Company in connection with the conduct of its business). The policy contained a provision expressly excluding employees of the assured, to wit: "* * * The words 'person' or 'persons' as used in this paragraph do not include any employee or employees of the Insured while in the course of employment by the Insured in any of the duties of such employment in any operations whatsoever of the Insured * * *"

The policy also provided: "F. The Company shall not be liable for a larger proportion of any loss than the amount hereby insured bears to the total amount of all valid insurance in solvent companies, applicable to such loss."

In the extension endorsement of said policy there is a classification of work covered, which classification does not include stevedoring.

On November 24, 1937, the defendant insurance company, Liberty Mutual Insurance Company, issued a public liability policy in the sum of $25,000 insuring S. C. Loveland Company, Inc., against liability for bodily injuries due to accidents suffered by any persons "* * * except employees of the Assured while in the course of employment or those to whom the Assured may be held liable under the provisions of a workmen's compensation law * * *" and restricting the coverage to stevedoring and clerical operations of the assured and its employees.

On December 15, 1937, a rider or Additional Interest Endorsement was added to this policy, as follows: "It is agreed that such insurance as is afforded by the policy to the interests named in Item I of the Declarations, herein called 'primary insured', also applies with respect to the interests hereinafter named.

"It is further agreed that the interests herein named are added at the request of the primary insured; that the primary insured is authorized to act in behalf of such interests; and that return premiums, if any, and such dividends as may be earned and declared by the company, shall be paid to said primary insured.

"Additional Interests

"1. The Pennsylvania Sugar Company."

On November 23, 1937, the defendant insurance company also issued to S. C. Loveland Company, Inc., a Workmen's Compensation and Employer's Liability

policy. On December 15, 1937, an Additional Interest Endorsement was added to the policy, providing as follows: "It is agreed that the policy to which this Endorsement is attached is extended to cover the interest of the Pennsylvania Sugar Company in connection with any injuries sustained by employees of S. C. Loveland Company, Inc. to the extent of liability under the Pennsylvania Workmen's Compensation Act [77 P.S.Pa. § 1 et seq.] and the benefits provided thereunder. It is extended also to include liability under the United States Longshoremen's and Harbor Workers' Compensation Act [33 U.S.C.A. § 901 et seq.] and the benefits provided thereunder."

While all the above policies were in force, one Stephen Novaella, an employee of S. C. Loveland Company, Inc., acting in the scope of his employment on Pier 46 North, on the premises of the Pennsylvania Sugar Company, sustained serious personal injuries as a result of the negligence of an employee of the Pennsylvania Sugar Company who was operating a crane. Novaella brought suit in the United States District Court for the Eastern District of Pennsylvania (Civil Action No. 899) against the Pennsylvania Sugar Company, and on October 21, 1940 judgment was entered in favor of Novaella in the sum of $8,000 by Judge Kirkpatrick[1].

The suit was defended by the plaintiff insurance company which paid the judgment. The defendant insurance company disclaimed all liability and refused to partake in the defense of Novaella's suit.

The defendant insurance company, under its workmen's compensation policy, paid Novaella workmen's compensation, and has been reimbursed to the extent of $1,800 from the recovery made by Novaella in his suit. It has also been credited with an additional $3,100 out of the proceeds of the $8,000 judgment.

The plaintiff is now calling upon the defendant for contribution.

In my opinion, the defendant is not liable to the plaintiff either on its public liability or workmen's compensation policies.

■ The rider attached to defendant's public liability policy provided that: "* * * *such insurance as is afforded by this policy* * * also applies with respect to the interest * * * (of) the Pennsylvania Sugar Company." (Emphasis supplied.)

The insurance "provided by the policy" expressly excluded employees of S. C. Loveland Company, Inc. The coverage to the Pennsylvania Sugar Company was therefore subject to the same exclusion or exception.

■ The general principles of construction of riders are well stated in Couch on Insurance, Vol. 1, § 159: "When, however, a lawful rider is properly made part of the policy, it supersedes the policy, especially so, where the obvious intention of the rider is to substitute its conditions, exceptions, and provisos for those of the policy, or its terms are inconsistent and irreconcilable with the terms of the policy. But if the rider is not irreconcilable with the printed clause, such clause must stand, since a rider supersedes the policy only when it is expressly substituted for the terms of the policy itself, or inconsistent therewith. And a rider purporting to modify the effect of a particular clause should be confined to such clause, and not be regarded as applicable to other provisions of the contract, it being clear that a rider may be so limited that it will apply only to certain clauses or provisions."

■ The defendant's workmen's compensation policy can avail the plaintiff nothing, since what the plaintiff paid to Novaella was not for workmen's compensation but for the common-law liability of Pennsylvania Sugar Company. The rider attached to the workmen's compensation policy was "* * * extended to cover the interest of the Pennsylvania Sugar

---

[1] The judgment was as follows:

"The Court makes the following Special Findings of Fact: that Stephen Novaella was injured on the 13th of June, 1938, while an employee of Loveland and Company, in the course of his employment, that the injury consisted of a fracture of some of the vertebrae of the back and other serious injuries, that the accident was due entirely to the negligence of an employee of the Pennsylvania Sugar Company, who was at the time operating a crane, that there was no contributory negligence on the part of Novaella, that he is totally and permanently disabled as a result of the accident, and that he has suffered damages to the amount of eight thousand dollars.

"The Court concludes as a matter of law that the plaintiff is entitled to judgment in that amount."

**12**

Company in connection with any injuries sustained by employees of S. C. Loveland Company, Inc. to the extent of liability under the Pennsylvania Workmen's Compensation Act and the benefits provided thereunder."

To convert this policy into a general indemnity agreement for the benefit of the Pennsylvania Sugar Company would mean the rewriting of the policy or the reading into it of something which it does not contain.

Plaintiff contends that unless contribution is enforced the riders are meaningless. This argument is fallacious. The riders gave the Pennsylvania Sugar Company the identical protection that S. C. Loveland Company, Inc., had—no more, and no less.

Accordingly, the defendant's motion for judgment on the pleadings is granted.

