## GLOBE INDEMNITY CO. v. LIBERTY MUT. INS. CO.

No. 8094.

Circuit Court of Appeals, Third Circuit.

Argued Oct. 23, 1942.

Decided Aug. 9, 1943.

Rehearing Denied Oct. 22, 1943.

Harry Reiss Axelroth, of Philadelphia, Pa. (Axelroth & Porteous, of Philadelphia, Pa., on the brief), for appellant.

J. Paul Erwin, of Philadelphia, Pa. (C. Howard Harry and W. Glenn George, both of Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

BIGGS, Circuit Judge.

The facts are as follows. On July 21, 1935, the plaintiff, Globe Indemnity Company, issued a public liability policy to Pennsylvania Sugar Company which insured it against damages imposed by law on account of injuries suffered by persons other than employees of the Sugar Company. The policy provided in this connection: "The words 'person' or 'persons' as used in this paragraph do not include any employee or employees of the Insured while in the course of employment by the Insured in any of the duties of such employment in any operations whatsoever of the Insured;". The policy also provided: "The Company shall not be liable for a larger proportion of any loss than the amount hereby insured bears to the total amount of all valid insurance in solvent companies, applicable to such loss." An extension endorsement to the policy did not list stevedoring among the classifications of work covered by the policy, but the schedule of operations of the Sugar Company within the coverage of the policy did include a pier known as "Pier 46 North" in Philadelphia, which was maintained by the Sugar Company. This is the place where the accident hereinafter referred to occurred.

On November 24, 1937, the defendant, Liberty Mutual Insurance Company, issued a public liability policy to S. C. Loveland Company, Inc. The terms of this policy were very similar to the policy just described, but the classifications of work covered in the policy issued to Loveland by the defendant included only stevedoring and clerical work. The coverage rider provided that the policy should cover accidents occurring "(a) by reason of the business operations of the Assured described in said Declarations, including business operations incident or appurtenant thereto * * *". Employees of the as-

sured were excepted from coverage. The policy provided, "If the Assured carry a policy of another insurer against loss and expense covered by this agreement, the Assured shall not recover from the Company a larger portion of the entire loss and expense than the amount hereby insured bears to the total amount of valid and collectible insurance applicable thereto." On December 15, 1937, the defendant, through an "Additional Interest" endorsement to the policy, agreed that "* * * such insurance as is afforded by the policy to the interest named in Item 1 of the Declaration also applies with respect to the interests hereinafter named". Loveland of course was named as the insured in item 1 of the declaration. The Sugar Company was named as the only additional interest. The additional interest endorsement also provided: "It is further agreed that the interests herein named are added at the request of the primary insured; that the primary insured is authorized to act in behalf of such interests; and that return premiums, if any, and such dividends as may be earned and declared by the company shall be paid to said primary insured."

On November 23, 1937, the defendant issued to Loveland another policy designated as a "Standard Workmen's Compensation and Employers' Liability Policy". It was in the usual form. An "Additional Interest Endorsement" also was attached to this policy. It provided that "It is agreed that the policy to which this endorsement is attached is extended to cover the interest of the Pennsylvania Sugar Company in connection with any injuries sustained by employees of S. C. Loveland Company, Inc., to the extent of liability under the Pennsylvania Workmen's Compensation Act and the benefits provided thereunder. * * *"

On June 13, 1938, when all the policies and the additional interest endorsements were in force, Stephen Novaella, a steve-dore and an employee of Loveland, was injured at Pier 46 North. Novaella brought a suit for damages against the Sugar Company. The action was tried to the United States District Court for the Eastern District of Pennsylvania, without a jury. That court found that Novaella's injuries were due solely to the negligence of an employee of the Sugar Company and entered judgment in his favor in the amount of $8,000.[1] It appears clearly from the pleadings in the case at bar that Novaella was working as a stevedore on the Sugar Company's pier but that Novaella's employer was in fact Loveland. The plaintiff paid this judgment and in the suit at bar brought pursuant to the Declaratory Judgments Act, Act of June 14, 1934, c. 512, 48 Stat. 955, 28 U.S.C.A. § 400, seeks to have established a right of contribution from the defendant on the policies issued by it. The District Court granted the defendant's motion for judgment on the pleadings. See 45 F.Supp. 9. The appeal at bar followed.

■ Neither party has challenged the jurisdiction of the court to determine the defendant's liability on its policies by way of a declaratory judgment. The case is a proper one for a declaratory judgment. See Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L. Ed. 826; Aetna Life Insurance Company v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000.

■ We are of the opinion that judgment on the pleadings properly was awarded to the defendant for the reasons set out hereinafter. The plaintiff takes the position that while the employees of Loveland were excluded from coverage by the terms of the defendant's public liability policy, under the additional interest endorsement the Sugar Company was insured to the same extent as was Loveland and that therefore the Sugar Company is of its own right en-

[1] The judgment was as follows:

"The Court makes the following Special Findings of Fact: that Stephen Novaella was injured on the 13th of June, 1938, while an employee of Loveland and Company, in the course of his employment, that the injury consisted of a fracture of some of the vertebrae of the back and other serious injuries, that the accident was due entirely to the negligence of an employee of the Pennsylvania Sugar Company, who was at the time operating a crane, that there was no contributory negligence on the part of Novaella, that he is totally and permanently disabled as a result of the accident, and that he has suffered damages to the amount of eight thousand dollars.

"The Court concludes as a matter of law that the plaintiff is entitled to judgment in that amount."

The words of this judgment (which is an exhibit to the petition) may not be treated as an allegation that the Sugar Company was engaged in stevedoring at the time of the accident.

titled to the protection of the policy. The plaintiff next asserts that since Novaclla was not an employee of the Sugar Company, it must follow that the exclusory clause had no application to him. This is the equivalent of saying that the Sugar Company's coverage under the policy parallels that of Loveland; that the clause "* * * such insurance as is afforded by this policy * * *" means that the policy is converted into a general indemnity agreement for the Sugar Company's benefit. This position is untenable. The terms of the additional interest endorsement are reconcilable with the terms of the policy. The provisions of a rider to a policy supersede the terms of a policy only when they are substituted expressly for or are inconsistent with those terms. Couch on Insurance, Vol. 1, Sec. 159.

But if we were to accept the policy as one of general indemnity for the Sugar Company, substituting the name of the Sugar Company for that of Loveland throughout it, the Sugar Company could not be indemnified, for there is no allegation in the petition that the Sugar Company was engaged in any of the operations included in the classification of operations covered by the declarations of the policy. Specifically the petition lacks any allegation that the Sugar Company was engaged in stevedoring or operations incidental or appurtenant thereto.[2]

The plaintiff states in its brief: "There is nothing of record in the case to remotely suggest that Pennsylvania Sugar Company was not engaged in stevedoring * * *." This is true, but there is nothing to suggest that it was.[3] On the plaintiff's own theory it would be incumbent on the plaintiff to allege that the Sugar Company was engaged in an operation within the classification of operations of the policy. The petition contains no such allegation. We think it is clear that the defendant is entitled to a judgment on the pleadings with respect to its public liability policy.

We reach a similar result in respect to the Workmen's Compensation and Employers' Liability Policy.

The defendant's asserted duty to contribute to the plaintiff by reason of possible liability under the additional interest endorsement to the Workmen's Compensation policy must be considered not only in the terms of the policy itself but in the light of the Pennsylvania Workmen's Compensation Act as well. Under the Act only the employer may be charged with statutory liability for injuries to his employees. See 1915, June 2, P.L. 736, art. II, § 202; 1937, June 4, P.L. 1552, § 1, 77 P.S. Pa. § 51. The employer-employee relationship is determined by the existence of a contract of employment. Harris v. Seiavitch, 336 Pa. 294, 297, 9 A.2d 375, 376; McGrath v. Pennsylvania Sugar Company, 282 Pa. 265, 268, 127 A. 780. As we have said, the petition alleges that Novaella was an employee of Loveland. Loveland was entitled to subrogation in Novaella's recovery against the Sugar Company. See 1915, June 2, P.L. 736, art. III § 319; 1937, June 4, P.L. 1552, § 1, 77 P.S.Pa. § 671. Loveland's insurance carrier, the defendant, became entitled to subrogation when it paid the sum due from Loveland to Novaella under the Workmen's Compensation Act. Scalise v. F. M. Venzie & Co., Inc., 17 Pa. Dist. & Co. R. 1; Smith v. Altoona & Logan Valley Electric Ry. Co., 41 Pa. Dist. & Co. R. 165; Neal v. Buffalo R. & P. Ry. Company, 103 Pa.Super. 218, 158 A. 305. The plaintiff paid the judgment which Novaella had secured against the Sugar Company. Pursuant to Section 319 of the Act the defendant was subrogated to Nova-

[2] The only other item in the specification of operations in the defendant's public liability policy is "CLERICAL OFFICE EMPLOYEES". It is not suggested that Novaella was a clerical employee of Loveland.

[3] The plaintiff's brief states, p. 19, "The judgment in the case of Novella v. Pennsylvania Sugar Company quoted in Judge Kalodner's opinion states that Novella was injured through the negligence in the operation of a crane by an employee of Pennsylvania Sugar Company. The opinion further discloses that Novella was paid Workmen's Compensation as an employee of Loveland, so that obviously he was injured in the course of his employment as a stevedore. The inference is clear that Pennsylvania Sugar and Loveland were jointly engaged in stevedoring at the time of the accident in question, and it must be obvious that it was because of this joint enterprise, so to speak, that Pennsylvania Sugar Company secured protection under defendant's liability policy with respect to any liability which might be imposed upon sugar company as a result of the stevedoring operation which was a part of its business."

The alleged inference not only is not clear; it is non-existent.

ella's rights under the judgment which he procured against the Sugar Company and has been reimbursed by the plaintiff for the money the defendant paid to Novaella under the Workmen's Compensation Act.

The plaintiff, however, takes the position that the defendant is compelled to contribute to it because of the additional interest endorsement. The endorsement covers the Sugar Company's interest " * * * in connection with any injuries sustained by employees of S. C. Loveland Company, Inc., to the extent of liability under the Pennsylvania Workmen's Compensation Act and the benefits provided thereunder." The accident did occur on premises maintained by the Sugar Company, viz., at Pier 46 North, and took place because of the negligence of an employee of the Sugar Company. This, however, will not relieve Novaella's employer, Loveland, of liability under the Workmen's Compensation Act. See 1915, June 2, P.L. 736, art. III, § 301; 1937, June 4, P. L. 1552, § 1, 77 P.S.Pa. § 411. Nor do these facts impose liability on the Sugar Company under the Act. It follows that the additional interest endorsement will not serve to enforce contribution under the policy from the defendant to the plaintiff.

The plaintiff contends that the Supreme Court of Pennsylvania in the McGrath case, supra,[4] on circumstances asserted to be substantially similar to those in the case at bar, held that there was no statutory relationship of employer and employee between the Sugar Company and employees of Loveland, and that, therefore, the additional interest endorsement is a nullity unless it be construed so as to wipe out Loveland's right of subrogation.

The obligations of contractors, subcontractors or borrowers of employees, may be altered in relation to the Workmen's Compensation Act by agreement between such parties. See 1915, June 2, P.L. 736, art. III, §§ 302(a), 302(b); 1937, June 4, P.L. 1552, § 1, 77 P.S.Pa. §§ 461, 462. If the Sugar Company was a subcontractor of Loveland or had "borrowed" Novaella from Loveland, the Sugar Company might be liable to Novaella under the additional interest endorsement even though he was employed by Loveland. See Byrne v. Henry A. Hitner's Sons Co., 290 Pa. 225, 138 A. 826, 58 A.L.R. 865. But there are no allegations in the pleadings to that effect. A court may not rewrite policies of insurance or supply missing allegations to a petition.

The judgment of the court below will be affirmed.

### On Petition for Rehearing.

The appellant has petitioned us to grant a motion to remand the cause to the District Court so that it may amend its petition for a declaratory judgment and allege that the Sugar Company was engaged in stevedoring at the time of the accident to Novaella.

Even if such an allegation had been made and proof had been offered to support it, our decision would have been the same. We concluded in our previous opinion that the insurance afforded the Sugar Company by the rider attached to the policy issued by the appellee was subject to the general provisions of the policy, in that it did not insure against claims on the part of employees of Loveland, the primary party insured thereunder. It follows that the defendant was entitled to a judgment on the pleadings with respect to this policy.

Accordingly the petition will be denied.

---

[4] There is no allegation in the petition that the facts of the McGrath case were identical with those at bar. From the briefs of counsel and the argument we are able to gather that there is much similarity between the cases, but such statements are not made in the pleadings. If, however, we assume the circumstances of the McGrath case and those of the case at bar to be identical, we are unable to see how that would aid the plaintiff in any way.