**GULF INSURANCE CO.**

v.

**MACK WAREHOUSE CORPORATION**
and
**John J. Nesbitt, Inc.**
and
**Willie Ware.**

No. 31117.

United States District Court
E. D. Pennsylvania.

Dec. 19, 1962.

**40**

Richard W. Hopkins, of White & Williams, Philadelphia, Pa., for plaintiff.

Daniel J. Ryan, of LaBrum & Doak, Philadelphia, Pa., for defendants.

FREEDMAN, District Judge.

Gulf Insurance Company brought an action for a declaratory judgment (28 U.S.C.A. § 2201 et seq.) that it is not obligated to defend a suit pending in the Common Pleas Courts of Philadelphia County. The Common Pleas suit is by one Ware for damages against John J. Nesbitt, Inc. and Mack Warehouse Corporation for injuries Ware sustained when a box fell on him while he was working on the truck of his employer, Beck Brothers. Ware's complaint alleged that Nesbitt was negligent in the loading of the truck and that Mack Warehouse was negligent in unloading the truck and also in failing to provide an adequate loading platform. Plaintiff's injury, of course, is compensable under the Pennsylvania Workmen's Compensation Act of 1915 (77 P.S. § 1 et seq.).[1] Nesbitt and Mack Warehouse, after Ware's suit was brought against them, demanded that Gulf defend the action. Gulf refused to do so. The pleadings in the present action for declaratory judgment having been completed, Nesbitt and Mack Warehouse have moved for summary judgment in their favor.

Gulf issued its policy to Beck Brothers and added Nesbitt as a named insured. The policy contains the usual provision that the company will defend any suit for damages brought against "the insured" alleging bodily injury sustained by any person, "caused by accident and arising out of the ownership, maintenance or use of the automobile", "even if such suit is groundless, false or fraudulent".[2]

1. There is some intimation of a denial in the pleadings that Ware was within the Workmen's Compensation Act, but it has now apparently been conceded.

2. Policy, Insuring Agreements I A and II a :
    (I A) "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or dis-

ease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the autombile."
    (II a) "With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability, the company shall * * * defend any suit against the insured alleging such injury, sickness, disease or de-

The policy expressly provides that "use of the automobile * * * includes the loading and unloading thereof."[3] It also provides that the "unqualified word 'insured' * * * includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured * * * [or with the named insured's] permission."[4]

■ Nesbitt, a named insured, which loaded the truck, is within the general coverage of the policy, which includes damages "arising out of the * * * use of the automobile" and "use" is defined to include loading. Gulf argues that Nesbitt was not *using* the automobile at the time of the accident because it had fully completed the loading of the vehicle before the accident occurred. It urges that the "loading and unloading" clause of the policy should be read as providing coverage only for accidents occurring during the course of the actual loading operation. Such a narrow construction of the policy must be rejected as unwarranted. The policy does not restrict coverage to accidents occurring while the loading operation is being conducted. On the contrary, it expressly covers claims for damages "arising out of the * * * use [including loading] of the automobile". The plaintiff in the state court action charges negligence in the loading of the truck by Nesbitt as at least one of the causes of his injury. The claim therefore is within the general coverage of the policy. To hold otherwise would be to make the "loading and unloading" clause almost indistinguishable from the "ownership, maintenance or use" clause, for it would require that the loading or unloading clause should not be effective except where the automobile is actually in use for that purpose. Such a result would run contrary to the purpose of the loading and unloading clause, which is an extension of the ownership, maintenance and use clause, and not a limitation upon it. See Federal Insurance Co. v. Michigan Mutual Liability Co., 172 F.Supp. 858, 864 (E.D.Pa.1959), Van Dusen, J., aff'd. 277 F.2d 442 (3rd Cir. 1960); 7 Appleman, Insurance Law and Practice (1942) § 4322. The loading and unloading clause, of course, having been written by the insurer must receive a broad construction. See Wheeler v. London Guarantee & Accident Co., 292 Pa. 156, 161–163, 140 A. 855 (1928).

■ Mack Warehouse is equally within the general coverage of the policy. Although it is not a named insured, the contention made as to Nesbitt that the injury must have occurred in the course of the unloading is factually inapplicable to it. For the claim is that plaintiff was injured in the course of Mack Warehouse's use of the automobile for unloading.

A more difficult problem is raised by Gulf's contention that the exclusion provisions of the policy remove both Nesbitt and Mack Warehouse from coverage. Coverage is excluded by the policy where the person making claim for injury is an employee of "the insured" or where the obligation is one for which "the insured" may be liable under any workmen's compensation law.[5]

The question is whether the exclusion is intended to relieve the insurer from

---

struction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent * * * ".

3. Policy, Conditions, clause 26.

4. Policy, Insuring Agreements III.

5. Exclusions:
"(d) Under coverage A, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured;
"(e) Under coverage A, to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law."

liability to indemnify and defend all those who are within the general coverage of the policy against a claim made by an employee of any one of them, even though the injury is done by other insureds than the employer. In the present case is the general coverage of Nesbitt and Mack Warehouse for injury suffered by anyone as a result of their loading or unloading, with Beck Brothers' consent, of the truck owned by Beck Brothers, excluded because the person injured happened to be an employee, not of Nesbitt or of Mack Warehouse, but of Beck Brothers? There is a sharp conflict of authority on the question throughout the country.[6] Gulf argues that if we do not apply the exclusion under these circumstances we would in effect be rewriting the policy provision to read that coverage is excluded where the injured person is an employee of the insured "against whom the claim is made". But to accept Gulf's contention is to construe the language as if it provides that coverage is excluded where the injured person is an employee of *"any"* insured, whereas the policy limits exclusion to the case of an injured person who is an employee of "the insured".

▉ We believe the proper interpretation of the policy leads to the conclusion that the insurer's general coverage of Nesbitt and Mack Warehouse is not excluded merely because the suit was brought against them by a plaintiff who is an employee of Beck Brothers, another insured. We are fortified in this conclusion by the fact that the manifest reason for the exclusion of Beck Brothers is

that *its* employee, the plaintiff in the state court action, falls within the protection of the Pennsylvania Workmen's Compensation Act. Neither Beck Brothers nor Gulf in entering into the comprehensive automobile insurance policy intended also to include workmen's compensation coverage. The exclusion of Beck Brothers on a claim by its employee, therefore, is plain and the language of the policy makes it clear. Indeed, its purpose is specified by the provision that the policy does not apply " * * * to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law".[7] But this circumstance, fully applicable to a claim by an injured employee of Beck Brothers, is completely alien to a claim by Beck Brothers' employee against Nesbitt and Mack Warehouse. The plaintiff in the accident case is not within Nesbitt's and Mack Warehouse's workmen's compensation coverage. Indeed, recognition of the right of Beck Brothers' employee to sue Nesbitt and Mack Warehouse will afford to Beck Brothers and its workmen's compensation insurance carrier a claim of subrogation to the extent of such workmen's compensation payments out of any verdict which the employee may obtain from Nesbitt and Mack Warehouse.

▉ We believe the meaning of the policy is quite clear. And this is especially true when the policy is read in the light of the general principle that if the meaning of the language of the policy is

---

6. See Annotation, Construction and application of provision of automobile liability policy excluding from coverage injury or death of employee of insured, 50 A.L.R.2d 78, 97 (1956). For periodicals discussing the general problem see: Brown and Risjord, Loading and Unloading: The Conflict Between Fortuitous Adversaries, 29 Ins. Counsel 197, 208 (1962); Clampett, Coverage Under the Automobile Liability Policy and Under the Comprehensive General Liability Policy When an Employee of the Former's Named Insured is Injured Through the Negligence of the Latter's Insured During a Loading or Unloading Operation, 25 Ins.L.J. 19 (1958); Risjord and Austin, Standard Family Automobile Policy, 1957 Ins.L.J. 199, 202; Risjord and Austin, Who is "The Insured", 24 Univ. of Kansas City L.Rev. 65, 70–74 (1955); Gowan, Liability Insurance—"Loading and Unloading", 1951 Ins.L.J. 745, 752–3.

For a very recent case adopting a view contrary to ours see American Fidelity & Casualty Co. v. Indemnity Insurance Company, 308 F.2d 697 (6th Cir. 1962).

7. Policy, Exclusions, (e).

ambiguous or doubtful the doubt must be resolved against the insurer which wrote the words of coverage and exclusion. E. g., Vrabel v. Scholler, 369 Pa. 235, 241, 85 A.2d 858 (1952); Snader v. London & Lancashire Indemnity Company, 360 Pa. 548, 551, 62 A.2d 835 (1949). This principle is not impaired because there may be other policies of insurance which make the present problem in practical effect a controversy between a number of insurers. We need not penetrate these relationships, for the language of the policy may not be given a different meaning because inter-insurer relationships may exist.

The appellate courts of Pennsylvania have not spoken on the subject, but the decisions of its courts of first instance are in harmony with the view we have adopted. In Walls, to use v. Gaines, 46 Pa.Dist. & Co.R. 327 (C.P. Chester County 1940), it was held that the employer exclusion is inapplicable where the injured plaintiff is not an employee of the defendant:[8] "We do not think [the policy] says or means that if liability is sought to be enforced against a legal driver of said car with the permission of the Goldstein Company [the insured] in favor of the employe of someone else, even the Goldstein Company, then and under these circumstances this contract affords no protection." (pp. 333–334).

Similarly, in Clark v. United Steel Barrel Co., 7 Pa.Dist. & Co.R.2d 209 (C.P. Phila.1956), Griffiths, J., said: "[T]he test is * * * 'Is the plaintiff an employe of the defendant?' It is immaterial whether plaintiff is an employe of

any other insured, whether such other insured is the named insured or another additional insured. * * * The definition given in the policy of 'insured' (not 'the insured') includes the named insured and includes anyone using the car with the named insured's permission, but the exclusion clause directs attention to a specific insured, *the* insured. We believe this properly refers to *the* insured being sued, whether that be the named insured or one of several possible additional insureds. How easy it would have been, if the other construction were meant, for the word 'any' to have been used instead of the particular 'the' to preface 'insured'. It would then have been clear when it read the coverage does not apply to 'any employe of any insured'."

Judge Ganey adopted a similar view in a case requiring the application of Pennsylvania law: Ginder v. Harleysville Mutual Casualty Co., 49 F.Supp. 745 (E.D.Pa.1942), aff'd. on opinion below, 135 F.2d 215 (3 Cir. 1943). There the coverage of the original insured was held not to have been excluded by the later addition of another insured whose employee was killed by the negligence of the original insured.[9]

The policies involved in the Pennsylvania lower court decisions did not contain the "severability clause" of the present policy, which provides: "The term 'insured' is used severally and not collectively".[10] Such a clause, if it is to be accorded any meaning, must be construed as intended to treat each insured independently from the other insureds.[11] It must therefore mean that the exclusion of an employee of the insured must be

---

8. Walls, an employee of the insured, Goldstein, recovered a joint verdict against Goldstein's driver and Shriver, the owner of the other vehicle involved in the collision. Shriver proceeded to enforce its right of contribution against Goldstein's insurer.

9. Compare Globe Indemnity Company v. Liberty Mutual Insurance, 45 F.Supp. 9 (E.D.Pa.1942), Kalodner, J., aff'd. 138 F.2d 180 (3rd Cir. 1943), Biggs, J., where the decision on a public liability policy

turned on the fact that the same coverage afforded by the policy to the "primary insured" also applied to the "additional insured".

10. Policy, Conditions, Clause 6.

11. Breen, The New Auto-Policy, 1955 Ins. L.J. 328, 333; Thomas, The New Standard Automobile Policy; Other Provisions (Declarations and Conditions), 1955 Ins. L.J. 652, 657–8.

limited to an employee of the particular insured who claims coverage under the policy. This construction of the policy does not grant a greater coverage to Nesbitt and Mack Warehouse than is enjoyed by Beck Brothers, the purchaser of the policy. It is true that Beck Brothers would not be covered under the policy for this specific claim, because the plaintiff is its employee. But neither would Nesbitt or Mack Warehouse be covered if a claim were made by one of its employees. Each insured is covered for all liability arising out of the use of the automobile, except liability resulting from suits by its own employees. In our interpretation of the policy each insured receives equal coverage, but the insurer does not enjoy a remission of its liability because a claim which under the policy an employee could not make against his insured employer, is being made against another insured who is not his employer.

Finally, Gulf argues that summary judgment must be refused because it is impossible to determine without a trial on the merits whether the accident arose out of the use of the vehicle. Under Pennsylvania law the obligation of the insurance company to defend an action is to be determined by the allegations of the complaint in the original action and the relevant record in the declaratory judgment proceeding. See Wilson v. Maryland Casualty Co., 377 Pa. 588, 105 A.2d 304, 50 A.L.R.2d 449 (1954), Stern, C.J.; Federal Insurance Co. v. Michigan Mutual Liability Co., 172 F.Supp. 858, 863 (E.D.Pa.1959), Van Dusen, J. The insurance policy here specifically provides: "With respect to such insurance as is afforded by this policy for bodily injury liability * * * the company shall * * * defend any suit against the insured alleging such injury * * * and seeking damages on account thereof, even if such suit is groundless, false or fraudulent * * * " [12] The crux of Ware's complaint is negligent loading by Nesbitt and negligent unloading by Mack Warehouse. If these allegations are sustained at trial the policy provides coverage. Gulf therefore has the obligation to defend. The fact that there are additional allegations of negligence does not preclude coverage. If it should ultimately be determined that the accident resulted solely from Mack Warehouse's failure to provide a proper loading platform and not because of the loading or unloading of the truck, Gulf may well be without obligation to pay the resulting judgment. But this is not presently before us for decision. All that we now decide is that the insurer's obligation to defend because of the allegations of negligence in the use of the automobile is not diminished by the specification of additional items of negligence not within the policy coverage.

### ORDER

AND NOW, December 19, 1962, the motion of defendants, John J. Nesbitt, Inc. and Mack Warehouse Corporation, for summary judgment is granted; and it is declared that the policy of insurance issued by Gulf Insurance Company affords coverage to defendants, John J. Nesbitt, Inc. and Mack Warehouse Corporation, for any injuries sustained by Willie Ware arising out of the use of the automobile owned by Beck Brothers; and it is further declared that Gulf Insurance Company is required by the policy to defend John J. Nesbitt, Inc. and Mack Warehouse Corporation in the suit brought against them by Willie Ware in the Court of Common Pleas of Philadelphia County.

12. Policy, Insuring Agreements II (a).