MICHIGAN MUTUAL LIABILITY COMPANY v OHIO CASUALTY
INSURANCE COMPANY

Docket No. 56204. Submitted March 4, 1982, at Grand Rapids.—
Decided March 8, 1983. Leave to appeal applied for.

Richard Helmer, an employee of Michigan Foundry & Supply
Company, was injured while driving one of his employer's
trucks on the employer's premises. The truck had become
stuck, and an employee of Uganski Crane & Truck Service
attempted to help Helmer free his vehicle by towing it with a
vehicle described as a Case Loader. The Case Loader rolled
backward, pinning Helmer between the two vehicles and injur-
ing him. Helmer filed a suit against John M. Uganski, doing
business as Uganski Crane & Truck Service, in Muskegon
Circuit Court, seeking damages for personal injury. Uganski's
comprehensive liability insurer, Michigan Mutual Liability
Company, then filed a declaratory action suit against Ohio
Casualty Insurance Company, which was the insurer of Michi-
gan Foundry & Supply Company, seeking a determination that
Ohio Casualty was obligated to assist in defending Uganski in
the main action because Uganski was an omnibus insured
under defendant's policy with Michigan Foundry. The trial
court, R. Max Daniels, J., granted summary judgment in favor
of Ohio Casualty. Michigan Mutual appeals. *Held:*

1. The activity of Uganski's employee in positioning his Case
Loader and holding it in readiness for the attachment of a tow
chain to the Michigan Foundry truck constituted "using" such
truck within the meaning of the omnibus clause of the policy
issued by Ohio Casualty. The omnibus clause extends protection
to any person while using an owned automobile with the
permission of the named insured.

2. The clause in Ohio Casualty's policy which excludes cover-

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Automobile Insurance § 248.
[2] 7 Am Jur 2d, Automobile Insurance §§ 129, 200.
    Automobile liability insurance: what are accidents or injuries "aris-
      ing out of ownership, maintenance, or use" of insured vehicle.
        15 ALR4th 10.
[3] 7 Am Jur 2d, Automobile Insurance § 194.
[4] 7 Am Jur 2d, Automobile Insurance § 285.

age to an employee of the insured arising out of and in the course of his employment by the insured does not operate to deny Uganski coverage of Helmer's claim under Ohio Casualty's policy.

Reversed and remanded.

1. INSURANCE — OMNIBUS CLAUSES — JUDICIAL CONSTRUCTION.

Language used in an omnibus clause of an insurance policy is to be construed broadly to effectuate a strong legislative policy of assuring financial protection for innocent victims of accidents.

2. INSURANCE — OMNIBUS CLAUSES — "USING AN AUTOMOBILE" — TOWING.

The phrase "using an automobile", as incorporated in an omnibus clause of an insurance policy, means doing something to or with an automobile as well as operating or having the benefit of an automobile and includes activities directly relating to preparations for towing or termination of towing activities.

3. INSURANCE — WORDS AND PHRASES — "ARISING OUT OF" — "PROXIMATELY CAUSED BY".

The phrase "arising out of" as used in an insurance policy provision limiting coverage of an insured to an injury arising out of the ownership, maintenance or use of a covered automobile has a much broader meaning than the phrase "proximately caused by"; the words "arising out of" mean causally connected with, not proximately caused by.

4. INSURANCE — SEVERABILITY OF INTERESTS CLAUSES.

The purpose of a severability of interests clause in an insurance policy is to prevent an employee exclusion clause from being applied where it does not belong.

*Baxter & Hammond* (by *Kenneth R. Oosterhouse* and *Phillip J. Nelson),* for plaintiff.

*Nelson & Kreuger* (by *Steven L. Kreuger),* for defendant.

Before: D. F. WALSH, P.J., and CYNAR and W. F. HOOD,* JJ.

W. F. HOOD, J. Plaintiff brought this declaratory

---

* Circuit judge, sitting on the Court of Appeals by assignment.

action seeking a determination that defendant was obligated to defend John M. Uganski, doing business as Uganski Crane & Truck Service, in a suit for damages for personal injury brought against Uganski by Richard Helmer. From a grant of summary judgment in defendant's favor, plaintiff appeals as of right.

Helmer was an employee of defendant's insured, Michigan Foundry & Supply Company, and on the day he was injured he was driving his employer's truck on his employer's premises when the truck became stuck. An employee of Uganski was working nearby and undertook to assist Helmer in freeing the truck. To do so Uganski's employee positioned a vehicle described as a Case Loader 4200, belonging to Uganski, a few feet from the mired truck, intending to tow it. When Helmer went between the two vehicles to attach a tow chain to the truck, the Case Loader rolled backward pinning Helmer against the truck and injuring him. Plaintiff insured Uganski under a comprehensive liability policy and pursuant thereto undertook to defend Uganski in Helmer's suit. Plaintiff brought this action against Michigan Foundry & Supply Company's insurer, the defendant herein, claiming that defendant, also, was obligated to defendant Uganski because Uganski was an omnibus insured under defendant's policy with Michigan Foundry.

The insuring clause of defendant's policy reads in pertinent part:

"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

"Coverage C. bodily injury * * * to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use, including loading

and unloading, of any automobile, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury * * *."

The policy defines the term "insured" as follows:

"II. PERSONS INSURED. Each of the following is an insured under this insurance to the extent set forth below:

* * *

"(c) any other person while using an owned automobile * * * with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission * * *

"(d) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a), (b) or (c) above."

Plaintiff contends that Uganski's employee was an insured under clause (c) because the employee's actions in preparing to tow the Michigan Foundry truck constituted use of that truck and that Uganski was an insured under clause (d) because Uganski was legally responsible for the acts of his employee.

The trial court held that Uganski and his employee were not additional insureds under the omnibus clause in defendant's policy because the action of Uganski's employee in preparing to tow the Michigan Foundry truck did not constitute use of the truck. The trial court further held that even if Uganski and his employee were additional insureds under defendant's policy, there was no coverage with respect to Helmer's claim because Helmer was an employee of defendant's named insured, Michigan Foundry, and a policy provision expressly excluded coverage of claims for bodily

injury to an employee of the insured arising out of and in the course of his employment by the insured. We reverse as to both holdings.

We note initially that plaintiff is not seeking a declaration that the defendant has the primary responsibility to defend and pay any judgment against Uganski and is not seeking a declaration that plaintiff has no responsibility to Uganski under plaintiff's policy. If both policies provide coverage to Uganski, then how that coverage should be shared or allocated between plaintiff and defendant will be decided in subsequent proceedings. The sole issue involved in this appeal is whether or not Uganski is entitled to coverage under defendant's policy. The fact that Uganski is also covered by other insurance is immaterial to the issue here presented.

The language of the omnibus clause is to be construed broadly to effectuate a strong legislative policy of assuring financial protection for innocent victims of automobile accidents. *Chicago Ins Co v Security Ins Co of Hartford,* 111 NJ Super 291, 295; 268 A2d 296 (1970). The phrase "using an automobile", for the purpose of the omnibus clause, is not limited to operating or having the benefit of the automobile, but includes doing something "to or with" an automobile. 1 Long, Law of Liability Insurance, § 1.22, p 1-62.1. Illustrative of this concept is the case of *Liberty Mutual Ins Co v O'Rourke,* 122 NJ Super 68; 298 A2d 725 (1973), where the court held that omnibus coverage was afforded to men helping the named insured's wife restart an automobile after it became stalled on the highway. One of the men was pouring gasoline into the carburetor when an explosion occurred and the gasoline can caught fire. The man threw the container away from him and in the direction

of the insured's son, who was severely burned. The court said: "It is reasonable to describe this activity as a 'use' of the automobile within the meaning of the omnibus clause of the insurance policy". 122 NJ Super 75.

In *Neice v Nationwide Mutual Ins Co,* 100 Misc 2d 595; 419 NYS2d 799 (1978), a person was attempting to attach a trailer to a Jeep and had his hand crushed when the trailer rolled forward against the Jeep. The court held that the Jeep was clearly being used, regardless of the fact it was motionless at the time of the injury.

In keeping with the "to or with" concept, towing operations are generally considered to be within the meaning of the phrase "using an automobile". Thus in *Dairyland Ins Co v Drum,* 193 Colo 519; 568 P2d 459 (1977), where the owner of an automobile was sitting in and steering his vehicle while it was being towed by another vehicle, the court held that the operator of the towing vehicle and the driver of the towed vehicle were each using the other's vehicle as well as his own, so that each was entitled to the protection of the policies covering both vehicles.

Towing, as a "use" of an automobile, extends to activities directly relating to the preparation for such towing or termination thereof. 7 Am Jur 2d, Automobile Insurance, § 131, p 608. The case of *St Paul Fire & Marine Ins Co v Hartford Accident & Indemnity Co,* 244 Cal App 2d 826; 53 Cal Rptr 650 (1966), involved facts very similar to the instant case. A sand truck became mired in mud at a construction site, and a water truck was used in an attempt to tow it out. The attempt was unsuccessful. The sand truck driver went between the two vehicles to disconnect the tow chain and was injured when the water truck rolled forward, pin-

ning him against the sand truck. The court held that the water truck driver was "using" the sand truck at the time of the accident.

In *Hall v United States Fidelity & Guaranty Co,* 107 Ohio App 13; 155 NE2d 462 (1957), the plaintiff owned two vehicles, a Jeep and a Studebaker, which were separately insured with different companies. The Jeep stalled and plaintiff decided to try to start it by towing it with his Studebaker. An assistant went between the two vehicles to attach the tow line and was injured when plaintiff negligently allowed the Studebaker to roll backward, pinning the assistant between the two vehicles. The court held that the Jeep was being used at the time of the injury, despite the fact it was motionless, and that the owner was entitled to the protection of both policies.

In the case of *Bituminous Casualty Corp v Aetna Life & Casualty Co,* 599 SW2d 516 (Mo App, 1980), a truck became mired at a landfill site. An employee of the landfill operation was asked to assist in extricating the truck by pushing it with a bulldozer. After the truck had been pushed free, the bulldozer blade struck and injured the truck driver. The court held that the truck was being used by the bulldozer operator so that he and his employer were insured under the truck policy's omnibus provisions. It was regarded as immaterial that contact between the truck and bulldozer may have ceased prior to the injury.

We conclude that the activity of Uganski's employee in positioning his Case Loader and holding it in readiness for the attachment of the tow chain to the Michigan Foundry truck constituted "using" such truck within the meaning of the omnibus clause of defendant's policy.

In the cases last mentioned, as well as in the

case at bar, the proximate cause of injury was alleged to be the negligent operation of the rescue vehicle; and it was not claimed the insured vehicle was itself negligently operated or negligently used. This is immaterial. The omnibus clause extends protection to "any * * * person *while using* an owned automobile with the permission of the named insured * * *". Its coverage is limited by a time frame—the period of use. The clause does not purport to limit coverage according to causation.

The insuring clause does limit coverage of an insured, named or omnibus, to an injury "arising out of the ownership, maintenance or use * * * of (a covered) automobile". However, the phrase "arising out of" is much broader than "proximately caused by". As stated in 1 Long, Law of Liability Insurance, § 1.22, pp 1-57, 1-59—1-60:

"The phrase 'arising out of' is not to be construed to mean 'proximately caused by.' The thought expressed by the words 'arising out of the use of an automobile' is comprehensive and broad in service. The phrase itself is much broader than a phrase such as 'proximately caused by the use of an automobile.' The words 'arising out of' mean causally connected with, not 'proximately caused by' use.

\* \* \*

"The term ['arising out of'] is ordinarily understood to mean 'originating from,' or 'growing out of,' or 'flowing from.' It does not require a finding that the injury was proximately caused by use of the automobile, but only that it arose out of the use. An injury does not arise out of the use of an automobile if it is directly caused by some independent act or intervening cause wholly disassociated from, independent of, and remote from its use." (Footnote omitted.)

Preparing to tow a disabled or stuck vehicle is an activity that is identifiable with the mainte-

nance and use of such vehicle and foreseeably necessary. Operation of the Case Loader was directly involved with the towing preparations and cannot be considered such an independent, intervening, disassociated act that Helmer's injury did not arise out of or flow from maintenance or use of the Michigan Foundry truck.

A further issue to be considered is whether coverage by defendant's policy of Helmer's claim against Uganski is excluded because Helmer was an employee of defendant's named insured, Michigan Foundry, and the injury occurred in the course of his employment.

Pertinent to this issue are two provisions of defendant's policy. One is an exclusionary clause which reads:

"This insurance does not apply to:

\* \* \*

"(c) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured \* \* \*."

The second provision is a severability of interests clause which states:

"The insurance afforded applies separately to each insured against whom claim is made or suit is brought, except with respect to the limits of the company's liability \* \* \*."

Defendant contends, and the trial court held, that the exclusionary clause operated to deny Uganski coverage of Helmer's claim under defendant's policy. We disagree.

The obvious purpose of the employee exclusion is to make clear that the automobile liability policy does not provide coverage for claims arising

under workers' compensation laws. Helmer was not an employee of Uganski and his claim against Uganski was not and could not be brought under the workers' compensation laws. Applying the exclusion to defeat coverage in this situation would serve no rational purpose and would arbitrarily expose a permissive user of a vehicle to a claim against which the omnibus insurance provisions seem designed to protect.

The purpose of a severability of interests clause is to prevent the employee exclusion clause from being applied where it does not belong. This is discussed in *Shelby Mutual Ins Co v Schuitema,* 183 So 2d 571 (Fla App, 1966), *aff'd* 193 So 2d 435 (Fla, 1967). In that case, Shelby Mutual had issued an automobile liability policy to an automobile dealership. While showing an automobile to a prospective customer, a salesman employee of the dealership was injured as a result of the customer's negligence. The employee sued the customer and the customer requested Shelby Mutual to defend the customer as an additional insured under the omnibus provisions of Shelby's policy. Shelby refused. On appeal in a declaratory action, the sole issue presented was whether Shelby Mutual could avoid coverage of the customer based upon the clause in its policy which excluded coverage for injuries to employees of the insured. The court said:

"Under the standard automobile policy in use before 1955 there was a split of authority as to whether coverage was provided under facts similar to the instant case. See Anno: 50 ALR2d 99. In 1955 the insurance underwriters attempted to eliminate the confusion of interpretation then existing by adding the 'severability of interests' clause here involved. It appears to be the virtually unanimous opinion of the legal scholars

writing on the subject that the purpose of the addition of the severability of interests clause was to provide coverage under the facts in the instant case. * * * Since the adoption of the severability of interests clause in a policy which would or might apply to several insureds, the term 'the insured', as used in the exclusions and conditions of the policy, means only the person claiming coverage. Thus, for example, the exclusion for injury to an employee of 'the insured' deprives no one of coverage except with respect to his own employees. This is true because the term 'the insured' is used severally and not collectively.

* * *

"The conclusion that the insuror and the insured intended only to protect the named insured as to third parties not in the status of employees overlooks the fact that, although an insurance policy could be obtained protecting only the named insured, nevertheless, this insurance policy includes, in addition to the named insured, any person using an automobile of the named insured with his permission. It is apparent then that the parties intended to furnish coverage to persons other than the named insured. The effect of the severability of interests clause is to make it certain that, when a claim is asserted against one who is an insured under the policy, then that person becomes 'the insured' for the purpose of determining the insuror's obligations with respect to that claim. The exclusion as to employees of the insured is thus limited and confined to the employees of the employer against whom the claim is asserted. A conclusion to like effect was reached in *Gulf Ins Co v Mack Warehouse,* 212 F Supp 39 (DC Pa, 1962), and *Pepsi Cola Bottling Co of Charleston v Indemnity Ins Co,* 318 F2d 714 (CA 4, 1963)." 183 So 2d 573, 574. (Citations omitted.)

Cases in other jurisdictions in accord with the Florida view include: *Bituminous Casualty Corp v Aetna Life & Casualty Co, supra; Marwell Construction, Inc v Underwriters at Lloyd's, London,* 465 P2d 298 (Alas, 1970); *Phoenix Assurance Co v*

*Hartford Ins Co,* 29 Colo App 548; 488 P2d 206 (1971); *Pleasant Valley Lima Bean Growers & Warehouse Ass'n v Cal-Farm Ins Co,* 142 Cal App 2d 126; 298 P2d 109 (1956); *Greaves v Public Service Mutual Ins Co,* 5 NY2d 120; 155 NE2d 390 (1959); *Travelers Ins Co v Auto-Owners Ins Co,* 1 Ohio App 2d 65; 203 NE2d 846 (1964).

Although all jurisdictions do not agree, we believe the *Shelby* case represents the better-reasoned view, and should be followed in Michigan.

Reversed and remanded.