## RELIANCE INSURANCE COMPANY v HAWKEYE SECURITY INSURANCE COMPANY

Docket No. 88058. Submitted June 10, 1986, at Lansing. Decided July 25, 1986. Leave to appeal denied, 428 Mich 853.

Reliance Insurance Company sought a declaratory judgment from the Oakland Circuit Court that Hawkeye Security Insurance Company must defend and provide coverage to Angelo's Crushed Concrete, Inc. and its owner, Angelo Iafrate, in a suit brought by Edward J. Rickey. Rickey was injured when he attempted, with Iafrate's assistance, to lower a chute from a concrete truck in the process of pouring concrete onto a yard owned by Angelo's. The truck was owned by Rickey's employer, Koenig Fuel & Supply, whose no-fault insurance policy was issued by Hawkeye. Reliance was Angelo's general liability insurer. The circuit court, Gene Schnelz, J., granted summary judgment in favor of Reliance. Hawkeye appealed.

The Court of Appeals *held:*

Coverage under Hawkeye's no-fault policy, pursuant to an express omnibus clause, extended to anyone using a covered motor vehicle with Koenig's permission. In directing Rickey to the location where the concrete was to be poured and in assisting Rickey with the chute, Angelo Iafrate was using the truck with Koenig's permission, thereby becoming an insured under Hawkeye's no-fault insurance policy.

Affirmed.

1. INSURANCE — NO-FAULT INSURANCE — OMNIBUS CLAUSES — JUDICIAL CONSTRUCTION.

Language used in an omnibus clause of an insurance policy is to

### REFERENCES

Am Jur 2d, Automobile Insurance §§ 129-133, 248-250.

Omnibus clause as extending automobile liability coverage to third person using car with consent of permittee or named insured. 21 ALR4th 1146.

Automobile liability insurance: what are accidents or injuries "arising out of ownership, maintenance, or use" of insured vehicle. 15 ALR4th 10.

Automobile liability insurance: person directing movement of motor vehicle from outside the vehicle as within clause extending coverage to person using the insured vehicle. 18 ALR3d 814.

be construed broadly to effectuate a strong legislative policy of assuring financial protection for innocent victims of automobile accidents.

2. INSURANCE — NO-FAULT INSURANCE — OMNIBUS CLAUSES — "USING AN AUTOMOBILE".

The phrase "using an automobile," as incorporated in an omnibus clause of a no-fault insurance policy, is not limited to operating or having the benefit of the automobile, but includes doing something to or with an automobile; therefore, a no-fault insurer must provide coverage to and defend an individual in an action brought by the insurer's principal insured against the individual for the individual's alleged negligence in assisting the insured with activities relating to the use of the insured's automobile.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike*), for plaintiff.

*Foster, Swift, Collins & Coey, P.C.* (by *David H. Aldrich* and *Philip T. Savich*), for defendant.

Before: BEASLEY, P.J., and D. F. WALSH and HOOD, JJ.

PER CURIAM. Defendant, Hawkeye Security Insurance Company, appeals from an order granting summary judgment to plaintiff, Reliance Insurance Company.

The summary judgment was granted in plaintiff's suit against defendant for a declaratory judgment requiring defendant to defend and provide coverage in a Wayne County suit entitled *Edward J Rickey v Angelo's Crushed Concrete, Inc.* On June 15, 1981, Rickey, an employee of Koenig Fuel & Supply, had the tips of his fingers cut off by a chute which slammed down on them while dumping concrete at the yard of Angelo's Crushed Concrete, Inc. The practice of dumping excess concrete at Angelo's yard had been carried on for a number of years and apparently provided a mutual benefit

to the two companies, Angelo's and Koenig. Rickey had previously gone to Angelo's yard approximately twenty-five times during his employment with Koenig. On June 15th, when Rickey got to the yard, Angelo Iafrate, the owner of Angelo's Concrete, directed him to the place where the concrete was to be poured. Rickey went to the back of the truck to unlock and pull down the chute which would pour the cement. While having his right hand on the primary chute, the chute slammed down, severing the tips of his fingers. Rickey claimed that the chute came down when Iafrate attempted to help him lower the chute.

Plaintiff issued a general liability policy to Angelo's Concrete, while defendant provided the no-fault insurance to Koenig, Rickey's employer. Among other things, the no-fault policy issued by defendant Hawkeye provided that for any covered automobile it was "primary insurance." In granting summary judgment, the trial court held that Angelo's Crushed Concrete, Inc. and Angelo Iafrate were covered and insured under the policy issued by defendant to Koenig, that the policy is primary coverage as to Angelo's and that defendant has the duty to defend Angelo's Crushed Concrete, Inc. and Angelo Iafrate. The trial court also indicated that it was not considering or deciding the obligations of plaintiff to Angelo's Crushed Concrete, Inc. and Angelo Iafrate.

Thus, Rickey's truck was owned by Koenig and insured under a no-fault policy issued by defendant to Koenig. Coverage under this no-fault policy, pursuant to an express omnibus clause included in the policy, extended to anyone using a covered auto under the policy with the permission of Koenig or Rickey. There would not appear to be any doubt that, as an employee of Koenig, Rickey could have given permission to Angelo Iafrate to

drive or use the truck in connection with the dumping at the site.

Thus, on appeal, we are concerned with a narrow issue. Did Iafrate use Rickey's truck with Koenig's or Rickey's permission? If so, defendant Hawkeye is obligated under the no-fault insurance policy to undertake Iafrate's defense in the case pending in Wayne County and previously identified. We decide no other issue because no other issue is before us on this appeal. We are not concerned here with the merits of Rickey's claim against Angelo Iafrate's company in Wayne County, nor with which insurance company will be obligated to pay if Rickey succeeds in his case, nor even with whether plaintiff also has a duty to defend Iafrate's company.

As indicated, Koenig had permission to dump concrete at Angelo's yard. Angelo designated where the concrete was to be dumped and, where and when necessary, assisted the truck driver in the dumping. There is no question here that Rickey drove Koenig's truck to Angelo's yard to dump concrete with Koenig's permission.

But, was Angelo Iafrate "using" Koenig's truck with Koenig's permission? We believe that in directing Rickey to the location to dump and in assisting Rickey with the chute in unloading the cement, Angelo Iafrate was using the truck with Koenig's permission so that Angelo Iafrate became an insured under defendant Hawkeye's insurance policy.

On appeal, defendant would have us adopt a narrow analysis and argues that Iafrate did not have specific permission to help lower the chute. Such an interpretation runs contrary to *Michigan Mutual Liability Co v Ohio Casualty Ins Co*, 123 Mich App 688, 692; 333 NW2d 327 (1983), a case

involving a remarkably similar factual situation, where we said:

> The language of the omnibus clause is to be construed broadly to effectuate a strong legislative policy of assuring financial protection for innocent victims of automobile accidents. . . .
>
> The phrase "using an automobile", for the purpose of the omnibus clause, is not limited to operating or having the benefit of the automobile, but includes doing something "to or with" an automobile.

In deciding the motions for summary judgment brought by each party, the trial judge reviewed what he had before him and concluded that Angelo Iafrate had permission to help in dumping the cement. Contrary to the trial judge's findings, defendant claims that (1) Koenig did not give Angelo permission to use the truck, and (2) Rickey had no authority from Koenig to permit Angelo to use the truck. We do not agree with defendant.

Under Koenig's understanding with Angelo, Angelo could designate where, when and how Koenig's trucks and drivers could dump concrete. We believe that Koenig gave Angelo implied permission to "use" Koenig's trucks in dumping cement at Angelo's site. While it is, perhaps, unnecessary to decision here, we believe Rickey, as Koenig's driver, had authority to permit Angelo to "use" Koenig's truck for the purpose of dumping concrete.

Thus, we reject defendant's theory that would require Iafrate to have obtained separate and distinct permission for every detail in the dumping process. Such an approach would ignore the practical realities of the situation. Under the circumstances surrounding this incident, we believe that there is no genuine issue of material fact whether

Angelo Iafrate had implied permission to assist in the dumping. Therefore, we conclude that the trial judge properly granted plaintiff's motion for summary judgment. Whether Angelo Iafrate was negligent in his help is a question for the other lawsuit in Wayne County.

Affirmed.