Desmond, J.
On February 15, 1955 defendant-respondent Watson, an employee of L. Davis Trucking Co. (not a party here), was injured while working for Davis at the New York City warehouse of defendant-respondent Bigelow-Sanford Carpet Company, Inc. Greaves, who is the plaintiff-respondent in this declaratory judgment suit, was, as an employee of Bigelow-Sanford, operating a fork lift loading machine at Bigelow-Sanford’s warehouse. Defendant-respondent Watson drove his employer Davis’ truck to the Bigelow-Sanford warehouse to take on a load of carpeting. Watson then backed the Davis truck into the warehouse. Plaintiff Greaves, loading the carpeting onto the Watson-Davis truck with a fork lift machine, is alleged to have caused personal injuries to Watson. Watson claimed and received workmen’s compensation from the insurer of his employer Davis. Watson brought also a personal injury action against Bigelow-Sanford Carpet Company, Inc., and against present plaintiff Greaves. In that negligence action Bigelow-Sanford cross-complained against our present plaintiff Joseph Greaves. Greaves sent the summons and complaint to defendant-appellant Public Service Mutual Insurance Co. but that company refused to defend Greaves in the tort case asserting that its automobile liability policy hereafter described and issued to the injured Watson’s employer Davis did not insure Greaves.
Greaves then brought this declaratory judgment suit to have it adjudged that he is entitled to protection and coverage under the Public Service Mutual policy issued to the truck owner Davis, Public Service’s answer asserted two reasons why *123 Greaves is not entitled to coverage. The first alleged reason is an exclusion stated in the policy as follows:
1 ‘ Exclusions.
“ This policy does not apply: (d) under coverage A, to sickness, disease or death of any employee of the insured while engaged in the employment, other than domestic, of the insured or in domestic employment if benefits therefor are either payable or required to be provided under any workmen’s compensation law; or to any obligation for which the insured or any company as his insurer may be held liable under any workmen’s compensation law.”
The position of the insurer is that the “ insured ” referred to in that exclusion is the named insured Davis and that, since the injured Watson was an employee of the named insured Davis, the policy does not apply since Watson was entitled to and did receive workmen’s compensation benefits. The position of Greaves is that although Davis was the named insured, nevertheless Greaves too was specifically made an insured under the policy which specifically includes in the meaning of the word “insured” the named insured and, also, “ any person while using the automobile * * * provided the actual use of the automobile is by the named insured or with his permission ”. Directly following that definition of “ insured ” in the policy is insuring agreement VII which states that “Use of the automobile for the purposes stated includes the loading and unloading thereof.” It is not disputed here that the present plaintiff Greaves was using this insured truck automobile for the ‘ ‘ loading ’ ’ thereof and so it is undisputed that he is an additional insured. The question, however, is whether the exception as to liability to an injured employee entitled to workmen’s compensation applies as to Greaves. The injured man Watson was of course an employee of the named insured Davis but was not an employee of the additional insured Greaves.
In its answer defendant set up another alleged bar to recovery consisting of the alleged failure of plaintiff to give written notice to defendant Public Service Mutual “ as soon as practicable ” as required by the policy. Special Term did not pass on this question since it defeated Greaves on the other ground. The Appellate Division, after holding that the ‘ ‘ work *124 men’s compensation ” exclusion did not apply to Greaves, held as to timeliness of notice that Greaves gave notice to the insurer as soon as he (Greaves) learned of the policy coverage and “ as soon as practicable In its appeal to this court defendant Public Service Mutual does not press the timely notice point and we consider it to be out of the case.
The Special Term in upholding the “ workmen’s compensation ’ ’ exception as a defense wrote an opinion in which the whole reliance was on Standard Sur. <& Cas. Co. v. Maryland Cas. Co. (281 App. Div. 446) decided by the Fourth Department in March, 1953. In that Standard Surety case the Appellate Division later granted leave to appeal to this court (281 App. Div. 1069) but the appeal was never argued here. Probably the appellant in Standard Surety dropped the appeal because of our decision a month later in Morgan v. Greater N. Y. Taxpayers Mut. Ins. Assn. (305 N. Y. 243).
In the present case the Appellate Division held that under the Morgan rule (supra) each individual additional insured although not named as an insured in the policy must be treated as if separately covered by the policy and indeed as if he (additional insured) had a separate policy of his own. In Morgan we said (p. 249): “ The proper view of the policy under consideration is that by it the defendant has undertaken separate and distinct obligations to the various assured, named and additional ”. The Appellate Division pointed out in its opinion here that the Morgan opinion in this court answers the contention made by appellant insurer here that such a construction gives greater protection to the additional insured than to the named insured. We said in the Morgan ease (p. 249) that this does not make any difference since the obligation of the insurer to the named insured on one hand, to the additional insured on the other, must be considered separately. As the Appellate Division here pointed out, the Morgan case itself shows how far we have extended this concept. In Morgan the policy covered liability for accidental injuries but an assault was thereunder to be deemed an accident unless committed by or at the direction of the insured. The named insureds in the policy were two individual owners of a building in New York City. While one of them was in Florida the other assaulted plaintiff. This court held that since the policy defined “ assured ” as including not only the named insureds but also *125 any partner while acting as such, it was no defense to coverage against the assault claim that the assault had been committed by one named insured himself. We held in Morgan that the policy provisions made the nonassaulting partner, as partner, an additional insured although he had been named therein individually only, and that since he was liable as a partner for the assault he as an additional insured was covered by the policy. In other words, we held in Morgan, as the Appellate Division in the present case points out, that an additional although unnamed insured (Leventhal as partner) had to be treated as if he had a separate policy. The Appellate Division’s opinion here wrote that there is no essential difference between the present case and the Morgan case and with that we agree.
The Morgan case (supra) is in line with other reliable authorities such as Wenig v. Glens Falls Ind. Co. (294 N. Y. 195, 201), American Sur. Co. v. Diamond (1 N Y 2d 594, 599), Ætna Cas. & Sur. Co. v. General Cas. Co. (285 App. Div. 767, 770), Catania v. Hartford Ind. Co. (4 A D 2d 440, 441), Sandstrom v. Estate of Clausen (258 Wis. 534), and McMann v. Faulstich (259 Wis. 7). Each of these decisions goes on the theory that the controversy is to be resolved as if the policy had been issued to the unnamed insured alone.
As against all this, appellant’s theory is that the word ‘ ‘ insured ’ ’ in the exclusion clause above quoted in the policy means the named insured and plaintiff Greaves jointly or as if those two were one. We find no such meaning in the policy. We will keep in mind that this policy was written by the insurer and any ambiguity is to be resolved against it. If the intent was to exclude liability to any injured person who was covered by any workmen’s compensation insurance it would have been easy to say so. Treating Greaves as a separate insured, the exclusionary clause has no effect as to him since the injured man was not an “ employee of the insured ” Greaves and the “ insured ” Greaves was not liable to the injured man “ under any workmen’s compensation law ’ ’.
The judgment should be affirmed, with costs to plaintiff-respondent.
Chief Judge Conway and Judges Dye, Fuld, Fboessel, Van Voobhis and Bttbke concur.
Judgment affirmed.