**EMPLOYERS' LIABILITY ASSURANCE CORPORATION et, Plaintiffs, v. LIBERTY MUTUAL INSURANCE COMPANY et, Defendants.**

Common Pleas Court, Columbiana County.

No. 44982.   Decided October 6, 1959.

Robert S. Hartford, for plaintiff, Esterly.
John F. Elsaesser, for plaintiff, Employers' Liability.
Homer Carlyle, for defendants, Liberty Mutual and E. R. McCleery, Inc.
Samuel S. Fekett, for defendant, Fallon.

## OPINION

By BUZZARD, J.

This is an action brought by Employers' Liability Assurance Corporation, hereinafter referred to as Employers, against Liberty Mutual Insurance Company, hereinafter called Liberty. Herman H. Esterly is an assured of Employers and a nominal party plaintiff. E. R. McCleery, Inc., is the assured of Liberty and is a nominal party defendant. James W. Fallon was a truck driver employee of McCleery and the person

who filed a suit for personal injuries against the plaintiff Esterly which precipitated the filing of this particular action. The prayer of his petition prayed for $77,461.00.

The Petition asks for a Declaratory Judgment of the Court declaring certain rights or status of the principal parties by reason of their respective insurance contracts. This Petition raises questions which could provoke an Opinion of indeterminable length but the Court will try to be brief and to the point.

Plaintiff Esterly operated a coal tipple on his property near New Waterford and Employers wrote a general liability policy insuring him in his operations at the tipple. McCleery is a trucking company who carried a comprehensive liability policy with Liberty insuring its operations. On February 1, 1958, defendant Fallon drove a McCleery truck to the coal tipple of Esterly for the purpose of obtaining a load of slack coal. He backed his truck beneath the tipple and Esterly opened the chute and obtained four or five ton of slack coal, which was considerably less than the capacity of the truck. The evidence is not altogether clear on what happened next but it is clear that the chute for egg coal was opened and instead of falling into the truck it came down upon Fallon severely injuring him. Fallon subsequently brought an action for personal injuries in this Court against Esterly who notified his insurer, Employers, and they in turn called upon Liberty to defend the action and pay any judgment or settlement. Employers claim that Esterly is an additional insured under the liability policy while Liberty claims that this action is prematurely brought; that it didn't occur during the loading or unloading and that Esterly is excluded from coverage by reason of the exclusion clause in the liability policy.

I. Is the action brought prematurely?

The Declaratory Judgment statute was passed in Ohio about twenty-five years ago for the purpose of filling a void which existed in our law. There were many situations, and still are, where parties desire to know their rights and status under contracts and other instruments, so that they may be governed accordingly. Secs. 2721.02, 2721.03 and 2721.04 R. C., provide in substance that the Court may declare the rights, status and other legal relationship of persons under deeds, wills, contracts or other writings and specifically provide that a contract may be construed either before or after there has been a breach thereof. And then to show that the aforementioned sections were not meant to be restricted to the items mentioned, §2721.06 R. C., specifically provides that §§2721.03 to 2721.05 inclusive, R. C., do not limit or restrict the exercise of the general powers conferred in §2721.02 R. C.

The instruments in this case, two insurance policies, are contracts. They are subject to construction of the Declaratory Judgment Act. Neither insurance company has to wait until final judgment in the personal injury action. It may be too late at that time and one or both of the companies may have suffered some unnecessary loss by reason of the delay. The Court feels that the instant case is a good example of the type of case in which a Declaratory Judgment may be properly invoked.

In the only similar case to the instant case which the Court can

find in Ohio, the trial judge in a detailed Opinion held that this was a proper use of the Declaratory Judgment Act. See **Travelers Insurance Co. v. Buckeye Union Casualty Co., 81 Abs 108.**

II. Did the injury to Fallon occur during loading or unloading of McCleery's truck?

Although the Petition only inferentially shows that the injury to Fallon occurred during the loading operations, the evidence offered indicated very clearly that the loading had commenced at the time Fallon was injured. He had backed his truck into the tipple and several tons of slack coal had already been run into his truck. Esterly then went to the upper level of the tipple in order to dislodge some more coal which apparently was not flowing freely from the bin and while on this upper level the chute of another bin holding egg coal opened and came pouring down upon Fallon, as a result of which he sustained some injuries. Liberty claims that in view of the fact that this was not slack coal, but was egg coal, that no loading operation was taking place. The Court does not accept this argument. The loading process had started when the first slack coal started to move into the truck and until such time as the loading was completed there would be a continuing operation. It makes no difference whether Fallon was injured by egg coal, by a beam which fell from the ceiling or if Esterly himself fell upon him, as long as the injury was sustained during the continuing operation of loading the truck. See **Bobier v. National Casualty Co., 143 Oh St 215, 28 O. O. 138.**

Accordingly the Court finds that McCleery's truck was being used in the loading of coal at the time Fallon was injured within the meaning of paragraph VI of Liberty's policy.

III. Is Fallon excluded from coverage under the exclusions paragraphs (f and g) of Liberty's policy?

This question presents the most difficult legal question raised in this case. Under the exclusions provisions of Liberty's policy, paragraph (f), excludes coverage when the insurer may be held liable under any workman's compensation law. The evidence in this case indicates that Fallon has been paid a considerable sum as workman's compensation for his injuries. Paragraph (g) further provides that there is no coverage for any employees of the insured for bodily injury or death arising out of and in the course of his employment by the insured. At first reading it would appear that there is no question but what in view of the fact that Fallon is the employee of McCleery there would be no coverage. However, after reading the cases cited in the Briefs, and some others, the problem is not as clear as first indicated.

There is a respectable line of authority, and it appears to the Court a majority of the authority follows the doctrine, which is best expressed in the case of Pleasant Valley Lima Bean Growers and Warehouse Association v. Cal-Farm Insurance Company, 298 Pacific (2d), 109 (California). This case appears to be on all fours with the instant case. Its facts are briefly as follows:—

Plaintiff operated a warehouse for vegetables and had a liability insurance policy written by U. S. F. and G. Co. Brucker, who was a truck operator, also carried an insurance policy covering his operations. One

Nungaray, an employee of Brucker, drove into the warehouse of plaintiff with a truck loaded with lima beans and in an attempt to unload them into the bin, he was injured, as he alleged by the negligence of one Croker, an employee of the plaintiff. Subsequently, Nungaray filed an action for personal injuries against the plaintiff and its employees. U. S. F. and G. took over the defense as Cal-Farm refused to defend denying any coverage under its policy with Brucker to either party. Then the plaintiff brought an action for declaratory judgment to determine its rights.

In the cited case the policy contained an omnibus clause similar to the one in Liberty's policy. In passing upon the effect of the exclusion clause the Court said on Page 114 as follows:—"The exclusion clause must be read as a whole and we think leads inescapably to the conclusion that it means only that the coverage, whether of the named or the additional insured, does not apply to any one who has liability under Workman's compensation laws. As Pleasant Valley and Croker are additional insureds under defendant's policy, and as there is nothing in the record to show that either Croker or Pleasant Valley is obligated to Nungaray under workmen's compensation law, with respect to the accident, it is clear that Pleasant Valley and Croker are not excluded from policy protection as to an action brought by Nungaray against them for personal injuries."

It is a reasonable inference from the evidence in this case that McCleery's truck was being used by Esterly in the loading operation and that Esterly had McCleery's permission to assist in its loading.

Another case in support of plaintiff's position is Maryland Casualty Company v. New Jersey Manufacturers Casualty Insurance Co., 145 Atlantic (2d), 15 (28 New Jersey 17). This was an action brought by the public liability insurer of the Port Commission to obtain contribution from the trucking company's automobile liability insurer. In the trial court the defendant claimed that coverage was excluded by reason of an exclusion clause similar to the one in the Liberty's policy. However, the Supreme Court held that under the trucking company's liability policy providing that it did not apply to injury or to sickness, disease, or death of any employee of the insured, if covered by any workmen's compensation law, "the insured" referred only to the particular insured, whether named insured or additional insured under the omnibus clause, whose employee is suing him because of injury in question, and hence, exclusion did not apply to liability of one who had become an additional insured under omnibus clause to trucking company's injured employee, though he was entitled to workmen's compensation benefits from named insured.

As applied to this case, inasmuch as Fallon was not suing his own employer, McCleery, he was not excluded from coverage where he was suing Esterly, even though he has been paid workmen's compensation by his own employer, McCleery.

The third case which I want to make reference to and which supports the plaintiff's position is Greaves v. Public Service Mutual Insurance Co., 168 New York Supplement (2d), 107. This was an action for declaratory judgment by an employee of the carpet company caused

by a suit by the trucking company's employee against the plaintiff and his employer for personal injuries. Greaves was an employee of Bigelow-Sanford Carpet Company and one Watson was an employee of the trucking company. The carpet company and the trucking company carried liability policies covering their operations. Watson was injured at the warehouse of the carpet company due to the negligence of Greaves while Greaves and Watson were loading carpet onto a truck owned by the trucking company. The trucking company's policy contained an exclusion provision similar to paragraph (g) under Exclusions of Liberty's policy, and the defendant claimed that it owed no duty to defend Greaves. The Court says on page 109 as follows:—"It is true that the policy, in one clause, broadly defines the word 'insured' as including the named insured and any additional insured. We do not think this, standing alone, is determinative of the issue here involved. In attempting to ascertain the actual intent of the parties, the definition must be read in the light of, and as qualified by the language employed in the exclusion clause. If there is resultant ambiguity, is should be resolved against the company inasmuch as it wrote the policy."

The Greaves case also raises what has been called the doctrine of separability, that is, the individual insureds in the Liberty policy must be considered as being separately covered by the policy and that Liberty has undertaken separate and distinct obligations to these insureds, both named and additional, and on page 111 the Court says:—"It seems clear, therefore, that the obligation of defendant Public to the named insured on the one hand and to the additional insured on the other hand, must be considered separately. Viewed in that light, and entirely apart from our construction of the parties' intent, we reach the conclusion that the policy covered Greaves even though the injury caused by him was done to an employee of the named insured."

Applying this doctrine to the instant case, the Liberty policy covered Esterly even though the injury caused by Esterly was done to Fallon, an employee of McCleery.

Substantially this same conclusion has been reached by the Common Pleas Court of Franklin County in **Travelers Insurance Co. v. Buckeye Union Casualty Co., 81 Abs 108.**

The contrary doctrine argued by the defendant is that there is no ambiguity; that the language is clear and plain; and that in view of the fact there is no dispute that Fallon was an employee of the named insured there is accordingly no coverage under the Liberty policy. This doctrine is supported by the case of Travelers Insurance Company v. Ohio Farmers Indemnity Company, 157 Federal Supplement 54 (Kentucky, affirmed in 262 Federal (2d), 132. In that case Travelers insured Pillsbury Mills, Inc. and Ohio Farmers insured Bundy Brothers, a trucking company. Perry, the driver for Bundy Brothers, sustained a severe injury while the truck operated by him was being unloaded at the plant of Pillsbury Mills, Inc. at Louisville, Kentucky. Both policies contained the usual omnibus clause and the Ohio Farmers' policy defined use of an automobile as including the loading and unloading thereof. The Court held that the exclusion clause meant just what it said, that is, it ex-

cluded coverage in any case of bodily injury or death of an employee of the insured. The Court cites an extract from the Opinion of Judge Parker in the case of Lumber Mutual Casualty Insurance Co. of New York v. Stukes, 164 Federal (2d), 571, 573. The conclusion of the Court that the exclusion clause of Ohio's policy did not extend coverage for injuries to an employee of the named insured or to additional insureds was appealed to the Circuit Court of Appeals and affirmed. See Travelers Insurance Company v. Ohio Farmers Indemnity Co., 262 Federal (2d), 132.

The facts of the Lumber Mutual Casualty case are briefly these. Lumber Mutual Casualty Insurance Company insured Marshall under a public liability insurance policy. Marshall was in the roofing business. One Timmons was engaged in putting on roofing and siding under contracts secured by Marshall with the help of laborers whom Timmons carried to and from their work in Marshall's truck. Stukes was a laborer working under Timmons. Riding from work one day with Timmons driving there was an accident as a result of which Stukes was killed and his administrator brought an action for wrongful death in the State Court of South Carolina. This resulted in Lumber Mutual Casualty bringing an action for declaratory judgment.

The trial court in effect held that the exclusion clause of the policy did not apply to this situation.

The Appellate Court held this was a matter for the jury and that it should have been submitted to the jury to determine whether Timmons was an employee of Marshall or an independent contractor.

However, Judge Parker does not stop there but went on to discuss other legal questions in view of the fact that the case would have to be re-tried. Judge Parker in effect, held that the purpose of the exclusion clause is to limit coverage for liability for members of the general public and to exclude liability to employees of the insured—in other words, that coverage was excluded to the employees of any insured. Then he, as an after thought, makes the following statement:— "We do not mean to hold by what has been said above that the policy would not cover Marshall for negligent injuries to employees of Timmons, and that it would not cover Timmons for negligent injury to the employees of Marshall, if Timmons was an independent contractor." If this be true then under the alternative stated above Esterly would be covered for negligent injuries to the employees of McCleery.

These two views or doctrines are irreconcilable. The Court finds no authority in Ohio except the Franklin County Common Pleas Court case cited above. The greater weight of authority, and in the Court's mind, the better reasoning, supports the doctrine established by the case cited by the plaintiff. The Court accordingly finds that Fallon is not excluded from coverage in the suit as against the additional insured Esterly, but is only excluded as against his own employer, McCleery.

IV. Which company has the primary duty to defend the action?

Each policy contains the usual provision requiring the company to defend the insured. Each policy also has a paragraph with respect to other insurance. Employer's policy, paragraph 13, provides that if other valid insurance exists that their policy should be null and void

with respect to specific hazard coverage whether the insured is specifically named in such other policy or not. It further provides that it shall be excess insurance over and above the limit of any other applicable insurance. The Liberty policy is for One Hundred Thousand Dollars ($100,000.00). Paragraph 14 of Liberty's policy provides that in the event of hired or non-owned automobiles the insurance shall be excess insurance.

. The Court finds that the Liberty policy does protect the named insured and Esterly as an additional insured. Therefore up to One Hundred Thousand Dollars ($100,000.00), the Employer's policy is null and void. However, in view of the fact of the applicable limitation of the Employer's policy of 25 and 50, and the prayer of Fallon's petition there can be no excess. Consequently, under paragraph 14 of Liberty's policy the insured had no other insurance against the loss covered by the Liberty policy and it wouldn't even be subject to proportionate liability.

Therefore the Court finds that the primary duty to defend this action under the policies rests upon Liberty.

V. Which company bears the loss and pays the judgment, if any?

As the Court has indicated in No. IV above the primary duty to defend the action rests upon Liberty. In fact, under its policy it has the sole duty to defend. The same is true with respect to payment of any loss or judgment obtained, if any. In view of the fact that the Court has found that the Employer's policy is void except as to excess above One Hundred Thousand Dollars ($100,000.00) the only valid insurance covering the action is the Liberty policy and it is the obligation of Liberty to pay whatever loss or judgment arises out of the personal injury action in this Court.

VI. Shall the Court grant an injunction enjoining the trial of the Fallon-Esterly case pending final judgment in this action?

Although both Esterly and Fallon, who are the parties in the personal injury action, are also parties in this suit, the Court does not find that there is adequate or sufficient reason established by the evidence to justify enjoining the trial of the personal injury case. In the first place the Court does not feel that an injured plaintiff has to wait until the insurance companys settle their fight. Furthermore, the Court feels that the plaintiff has an adequate remedy at law against Liberty in the event it suffers some loss arising out of the defense of the personal injury case. Accordingly the prayer of the Petition for an injunction is denied.

Plaintiff shall prepare the Journal Entry and the declarations of this Court in accordance with this opinion.

Exceptions to all parties.