CULPEPPER, Judge.
This is a tort action, for damages for personal injuries. Plaintiff named as defendants, C. E. Williams, individually and Lumberman’s Mutual Casualty Company. The petition alleges that on January 26, 1959 while plaintiff was repairing a stabilizer in the course and scope of his employment by C. E. Williams Construction Company, Inc. he was struck and injured by a Chevrolet Pick-up Truck owned by C. E. Williams Construction Company, Inc', and being operated at the time by C. E. Williams with the full knowledge and consent of the owner of said truck. Plaintiff alleges further that at the time of the accident, the defendant, Lumberman’s Mutual Casualty Company, had in full force and effect on said Chevrolet Pick-up truck, a policy of *578 public liability insurance whereby said insurer agreed to indemnify and hold harmless the named insured, C. E. Williams Construction Company, Inc., or any person operating said vehicle with said insured’s knowledge and consent.
Due to a conflict of interest the defendants, C. E. Williams and Lumberman’s Mutual Casualty Company, filed separate responsive pleadings. The defendant, Lumberman’s Mutual Casualty Company, filed an exception which is styled “Exception of No Cause or Right of Action” which was sustained by the lower court and from this judgment plaintiff has appealed.
Although the defendant, Lumberman’s Mutual Casualty Company, has denominated its exception as one of no cause or right of action, they have urged no grounds for an exception of no right of action and we shall therefore treat the exception as one of no cause of action. The first argument made by the defendant insurance company in support of its exception is that, under the terms of the policy, coverage “A” for bodily injury is excluded. The exclusion clause in question reads as follows:
“This policy does not apply: (c) under coverage “A” to any obligation for which the insured or any carrier as his insurer may be held liable under workmen’s compensation, unemployment compensation or disability benefits law, or under any similar law;”
It is the contention of the defendant exceptor that under the facts alleged in plaintiff’s petition, which must be accepted as true for purposes of this exception of no cause of action, the accident occurred while plaintiff was working in the course and scope of his employment for the insured, C. E. Williams Construction Company, Inc., and therefore said insured is liable under the Workmen’s Compensation Act and the provisions of exclusion clause (c) quoted above are applicable.
As pointed out by counsel for the plaintiff, the obvious answer to this argument is that under the allegations of the petition the insured is not C. E. Williams Construction Company, Inc. but is C. E. Williams individually. The definition of “insured” is given in Insuring Agreement III in the policy and reads as follows:
“Definition of insured. The unqualified word “insured” includes the named insured and also includes any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission, and any executive officer of the named insured with respect to the use of a non-owned automobile in the business of the named insured. * * * ”
Under the terms of the above quoted Insuring Agreement III, which is commonly called an omnibus clause, the insured in this case was C. E. Williams individually who was operating the truck with the consent of the owner at the time of the accident. Of course, C. E. Williams, individually, is not liable to the plaintiff under the Workmen’s Compensation Act because it is not he but the corporation which is alleged to be the employer. Therefore, it is apparent that exclusion clause (c) does not apply.
The second ground urged by the defendant in support of its exception is that there is no coverage because of the provisions of Insuring Agreement III (c) which reads in pertinent part as follows:
“ * * * The insurance with respect to any person or organization other than the named insured does not apply: (c) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of an auto *579 mobile in the business of such employer
Although the defendant argues that C. E. Williams was an employee of the same employer as the plaintiff we find no allegation in plaintiff’s petition on which such a factual conclusion can be reached. Plaintiff’s petition does not allege that C. E. Williams was an employee of C. E. Williams Construction Company. The petition simply alleges that C. E. Williams was operating the Pick-up truck with the knowledge and consent of the owner, C. E. Williams Construction Company, Inc. Therefore, the provisions of Insuring Agreement III (c) do not apply.
For the reasons hereinabove set forth, the judgment appealed from is reversed and this case is remanded to the lower court for further proceedings. All costs of this appeal are assessed against the defendant, Lumberman’s Mutual Casualty Company.
Reversed and remanded.