TATE, Judge.
The plaintiff Weir sues to recover for personal injuries allegedly sustained when he was struck by a truck driven by the defendant Williams. Williams’s liability insurer was joined as co-defendant.
The defendants appeal from judgment awarding $19,868.55 to the plaintiff.
In earlier proceedings in this case, we overruled an exception of no cause of action filed by the co-defendant insurer. 127 So.2d 577. (On remand, the insurer entered into an agreement to the effect that the defendant Williams is entitled to protection under the policy; the issue of policy coverage has thus passed out of the case.)
The issues of the present appeal are factual. Principally, the defendants-appellants contend that the trial court erred in accepting the plaintiff Weir’s version of the accident over that of the defendant Williams.
In essence, Weir testified that a truck driven by Williams struck his foot as it slowly passed, whereas Williams denies having done so. Without detailing the facts, it will suffice to say that Williams was undoubtedly negligent in lookout and reasonable care if indeed he did strike Weir’s extended foot, as Williams attempted to pass on the shoulder and edge of the roadway around a road construction machine upon which Williams was working at the time.
Despite the able argument by counsel for the defendants-appellants, we find no error in the trial court’s acceptance of the positive testimony of the plaintiff Weir that his foot was struck, and the court’s rejection of the contrary testimony of the defendant Williams and his son-in-law. The plaintiff’s testimony is corroborated by certain admissions in the testimony of Williams and the latter’s son-in-law, as well as by the immediate appearance of disabling symptoms in the plaintiff’s knee, which the medical evidence indicates to have been a *378 probable consequence of an accident such as that to which Weir testified. '
The evaluation of credibility is primarily within the province of the trier of fact, and the trier’s determinations in such regard will not be disturbed on appeal in the absence of manifest error. Duhon v. Harkins, La.App. 3 Cir., 152 So.2d 85. We find none here; indeed, the trial court’s determination of the facts and his evaluation of the credibility of the witnesses, instanced in his detailed reasons for judgment, is in our opinion supported by the great preponderance of the evidence in the record.
Consequently, we affirm the trial court’s factual determination that the accident occurred as related by the plaintiff Weir, and thus resulted solely from the negligence of the defendant Williams.

Quantum.

Alternatively, the defendants-appellants contend that the trial court’s award is excessive. The defendants-appellants concede that the awarded medical expenses of $2,368.55 are proven, but contend that the awards for past loss of wages ($7,500) and for pain, suffering, and permanent partial disability ($10,000) are excessive.
As a result of the accident, the plaintiff sustained a torn semi-lunar cartilage of his right knee and a lumbosacral sprain. He was hospitalized for 41 days altogether as a result of injuries resulting from the accident. The injuries required an extended period of treatment and convalescence. The sprain persisted for some time, but was eventually cured. The knee injury, however, resulted in a permanent disability, and in a condition causing pain upon use of the member, in part because of an arthritic condition resulting from the accident.
Major surgery was required on the right knee, and subsequently further hospitalization was also required because of complications resulting from the accident and the initial surgery. This fifty-year old man was disabled and unable to work for approximately two years. Following this, he returned to truck driving, which he performs only with pain and aggravation of his knee condition. The knee pains and swells upoxr use. The medical evidence indicates that the plaintiff Weir has a partial permanent disability of 20-25% of the right leg and of 10-15% of the body as a whole.
The trial court awarded $7,500 for loss of' earnings, based upon the circumstance-that the plaintiff had not actually been abie-te return to work until 25 months after the-accident.
Able counsel for the appellants contends-that this award should instead have been based upon lost earnings for 56 weeks, because an attending orthopedist felt that the claimant could have returned to work “on a trial basis” at the end of such period, although working with heavy equipment would cause knee pain. Actually, even when the plaintiff was finally able to secure work with a nephew 25 months after the accident, as a truck driver at lesser pay, the medical evidence corroborates his own testimony that he performed such work only with pain and difficulty. Further, upon an earlier attempt to return to work, the plaintiff was unable to stand exertion and had to. quit.
Under these circumstances, we find no error in the trial court’s basing its award to-the plaintiff upon loss of his wages during-the period from the time of the accident up-until the time he actually returned to work..
Also, although the defendants-appellants. suggest that the trial court award of $10,-000 for pain, suffering, and permanent partial disability should be reduced, we find! that such award (which the trial court-limited to the amount requested by the-plaintiffs) is certainly not excessive under the circumstances. See, e. g., Provost v. Great Atlantic & Pacific Tea Co., La.App. 3 Cir., 154 So.2d 597; Stanford v. Bateman Frozen Foods Co., La.App. 1 Cir., 149 So.2d 753; Lee v. State Farm Mut. Auto Ins. Co., La.App. 1 Cir., 144 So.2d 408; *379 Dark v. Brinkman, La.App. 3 Cir., 136 So.2d 463.
For the reasons above stated, the judgment of the trial court is affirmed in all respects, at the cost of the defendants-appellants.
Affirmed.