■ GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, v MILTON KLIGLER et al., Respondents.—In a declaratory judgment action, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered

November 5, 1975, which, after a nonjury trial, *inter alia* , declared plaintiff liable to the extent that it has to provide excess coverage on its policy of automobile liability insurance issued to defendant Milton Kligler for the legal liability, if any, of defendants Dorothy Kligler and Richard Kligler in connection with a particular automobile accident. Judgment affirmed, with costs. There is an ambiguity as to whether the inclusion in the policy of the words "his spouse" in the definition of "named insured" was intended to exclude from the coverage for "temporary substitute automobile" the automobile owned by the policyholder's wife on an occasion when their son, contrary to his usual practice, used his mother's car because his father's car was being serviced for repair. Only the most painstaking reading of the insurance policy would lead to such a hypertechnical conclusion. Indeed, in another part of the policy the draftsman indicated that "named insured" did not per se include the spouse of the policyholder (see definition of "insured" in "Part IV—Protection Against Uninsured Motorists"). At the least, where the equities do not strongly favor the insurance company, a policyholder should not be required to engage in such rigorous analysis to learn that there is no coverage by the carrier for the use of a substitute car (cf. *VanMinos v Merkley,* 48 AD2d 281). Since the policy was written by the insurer, any ambiguity should be construed so as to extend coverage to the insured *(Greaves v Public Serv. Mut. Ins. Co.,* 5 NY2d 120). Gulotta, P. J., Martuscello, Latham, Margett and Shapiro, JJ., concur.