HENRY E. BREED et al., Appellants, v INSURANCE COMPANY OF NORTH AMERICA, Respondent.

Third Department, April 14, 1977

*Decatur & Peer (F. Richard Decatur, Jr.,* of counsel), for appellants.

*Bouck, Holloway & Kiernan (John R. Casey* of counsel), for respondent.

MAHONEY, J. The plaintiffs were insured under a homeowner's policy issued by defendant insuring certain premises located in the Town of Brunswick, Rensselaer County, consisting of a residence, occupied by plaintiffs, and a carriage house 84 feet to the rear of the residence which contained a ground floor garage with an apartment on the second level. On January 26, 1973, plaintiffs' tenant, occupying the apartment in the carriage house, illegally entered plaintiffs' home and stole items of personal property. Plaintiffs sued for the theft loss. Defendant denied liability alleging by way of an affirmative defense that the loss came within a policy exclusion.

Plaintiffs sued under coverage C which is described in the policy as:

"B. Property described under Coverage C is insured, subject to limitations and exclusions contained therein, under Section One of this policy against loss or damage as a direct result of * * *

"8. Theft".

Section One provided the following coverage:

"A. Coverage A insures * * * the *described residence* (emphasis supplied).

"B. Coverage B insures * * * appurtenant structures * * * located on the *described premises"* (emphasis supplied).

The affirmative defense relies upon the following exclusion:

"IV. This policy does not insure against loss or damage:

"A. Caused by theft * * *

"2. of property by any relative of the insured or by *a tenant of the described premises"* (emphasis supplied).

Plaintiffs contend that the exclusionary defense is inapplicable because the terms of the policy are unclear and ambiguous to a degree requiring judicial construction against the insurer. This contention is premised on the policy definition of "residence premises" as "a one or two family dwelling building, *appurtenant structures,* grounds and private approaches thereto" (emphasis supplied), and plaintiffs' insistence that the defendant insurer must apply its own definition of "residence premises" in seeking to apply the exclusionary provisions of the policy. The application of the policy definition would necessarily include the carriage house as an appurtenant

structure, and since the thief was a tenant in a covered premises the defendant cannot rely upon another provision of the policy which excludes coverage where the thief is a tenant of the "described premises". We agree.

While it is clear that the general provisions of section I of the policy covers all structures on the "described premises" (coverage A and B of section one), it is unclear if the exclusionary language (section one, part IV, [A], [2]) exempts from coverage a theft by a tenant of the residence only or a tenant of either the residence or an appurtenant structure on the described premises. The ambiguity is caused by the policy definition of "residence premises", which includes appurtenant structures, and the absence of any policy definition of "described premises". If the definition of "residence premises" (part VIII, [3], [a]) did not include "appurtenant structures" the policy scheme would comport with reason and clarity in that it would exclude from coverage a theft by a tenant of the residence occupied by the insured. Such a tenant, with access to the residence and its contents, would be a natural object of exclusion. But a tenant of an "appurtenant structure" is, potentially, in no different a position than the burglar who must break and enter to effectuate his crime. Such a risk is a normal object of insurance and unless clearly excluded is covered by the policy. No such clarity is evident in the subject policy. We cannot say that the insureds herein, in reading the language of the submitted policy, did not think themselves covered against precisely the loss that occurred. It is fundamental that ambiguities in an insurance policy must be construed against the insurer (*Greaves v Public Serv. Mut. Ins. Co.,* 5 NY2d 120, 125), particularly where the ambiguities are in an exclusionary clause (*Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co.,* 34 NY2d 356; *Sincoff v Liberty Mut. Fire Ins. Co.,* 11 NY2d 386, 390-391; see 29 NY Jur, Insurance, § 623, p 615).

The order should be reversed, on the law, with costs; summary judgment granted in favor of plaintiffs on the issue of liability only, and matter remitted to Special Term for the assessment of damages.

KOREMAN, P. J. (dissenting). In our view the exclusion under the policy is clear and unambiguous and does not require judicial construction. The policy does not insure against loss caused by theft of property by any tenant of the "described premises". Special Term properly concluded that

"described premises" clearly refers to the entire property owned by the plaintiffs at the insured location. This reasoning is also borne out by the face sheet of the policy in question which states: "The described premises are located at the above address, and legally described unless otherwise stated herein, Tamarac Road, Town of Brunswick, Rensselaer County, New York." A reading of the policy makes clear that it excludes theft by any tenant occupying any portion of the insured's property, and the exclusion is not restricted to a tenant of the main dwelling.

We would, therefore, vote to affirm.

MAIN and LARKIN, JJ., concur with MAHONEY, J.; KOREMAN, P. J., and HERLIHY, J., dissent and vote to affirm in an opinion by KOREMAN, P. J.

Order reversed, on the law, with costs; summary judgment granted in favor of plaintiffs on the issue of liability only, and matter remitted to Special Term for the assessment of damages.