■ ROBERT PITT REALTY, LLC, et al., Respondents, v 19-27 ORCHARD STREET, LLC, et al., Defendants, and ESSEX INSURANCE COMPANY et al., Appellants. 19-27 ORCHARD STREET, LLC, et al., Third-Party Plaintiffs-Respondents, v ESSEX INSURANCE COMPANY, Third-Party Defendant-Appellant. [955 NYS2d 563]—

This declaratory judgment action arises from an underlying bodily injury action brought by Victor Velez in which it is alleged that he was injured during the course and scope of his employment with defendant Avante Building & Consulting Corp. (Avante) on June 23, 2004. Avante was purportedly hired by 24&27 to perform work within premises owned by Robert Pitt and leased by 24&27.

The "Separation of Insureds Condition" contained within the Essex policy does not negate the portion of the policy which precludes coverage to Robert Pitt, the additional insured, when no coverage is extended to 24&27, the named insured, on grounds of ambiguity. Rather, it "primarily highlights the named insured's separate rights and duties, as well as makes clear that the limits of the policy are to be shared by all of the insureds . . . [who] must share [the limit of coverage] equally; [and] it does not negate bargained-for exclusions, or otherwise expand, or limit, coverage" (*DRK, LLC v Burlington Ins. Co.*, 74 AD3d 693, 694 [1st Dept 2010], *lv denied* 16 NY3d 702 [2011]). Thus, it does not render the policy's coverage or exclusion provisions ambiguous, and therefore, Robert Pitt's entitlement to coverage must be analyzed within the reasons cited by Essex's disclaimer to 24&27. Stated differently, as indicated in the insurance policy, whether Robert Pitt is entitled to coverage will generally turn on whether 24&27 is entitled to coverage.

Preliminarily, Essex establishes that the notice of the accident provided by 24&27, approximately three months after the accident in question, was untimely as a matter of law. Accordingly, since Essex timely disclaimed coverage to 24&27 on this basis, it properly denied coverage to 24&27. This, however, does not preclude coverage to Robert Pitt since although additional insured Robert Pitt, the out-of-possession landlord/owner of the premises where Velez was injured, was advised of the late notice provided by its tenant, the named insured, there was no specific disclaimer from Essex to Robert Pitt on this basis. Notwithstanding the policy's preclusion of coverage to Robert Pitt when no coverage was extended to 24&27, as a separate insured, Robert Pitt was entitled to its own disclaimer on grounds that it failed to timely notify Essex of the accident for which it seeks coverage (*Sport Rock Intl., Inc. v American Cas. Co. of Reading,*

*Pa.*, 65 AD3d 12, 17 [1st Dept 2009]). Since Essex failed to provide Robert Pitt with a timely disclaimer this defense was abandoned, and it cannot deny coverage to Robert Pitt on this ground (*see General Acc. Ins. Group v Cirucci*, 46 NY2d 862, 864 [1979]; *Greaves v Public Serv. Mut. Ins. Co.*, 5 NY2d 120, 124 [1959]).

Essex's denial of coverage to 24&27 on the ground that the incident did not occur at a covered location is unavailing and unsupported by the record. The deposition testimony and the lease clearly established that the premises at which the work in question was being performed were "the Building at 25 Robert Pitt Drive, Monsey, NY 10952." Accordingly, Essex would not have been able to deny coverage to 24&27 on this ground and thus cannot deny coverage to Robert Pitt on this ground either.

Based on the deposition testimony, factual issues remain as to whether Essex has a duty to defend and indemnify 24&27 and thus Robert Pitt or whether the exclusion for "bodily injury" or "property damage" arising out of the acts or omissions of the named insured or its employees, other than general supervision of "work" performed for the named insured by the "contractor," applies. Since whether Essex is entitled to deny coverage to 24&27 is dispositive on the issue of coverage to Robert Pitt, based on the foregoing, the motion court erred in granting summary judgment to plaintiffs.

Insofar as 19-27 owned the adjacent lot, premises separate and apart from the premises covered under the policy, Essex had no duty to defend or indemnify it. Thus, Essex properly denied coverage to 19-27. Concur—Mazzarelli, J.P., Sweeny, Renwick, Richter and Román, JJ.